UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INGRID VANESSA ZETINO JACO,<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT, et al.,<br>Respondents. | No. 1:26-cv-08307-DC-CSK<br><br><u>ORDER GRANTING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AND MOTION FOR TEMPORARY RESTRAINING ORDER</u><br><br>(Doc. Nos. 1, 2) |

This matter is before the court on Petitioner's motion for a temporary restraining order (Doc. No. 2), filed in conjunction with her petition for writ of habeas corpus brought under 28 U.S.C. § 2241, challenging her ongoing immigration detention. (Doc. No. 1.) Neither party opposes the court ruling directly on the merits of Petitioner's habeas petition. (Doc. Nos. 7 at 1; 8 at 13.) For the reasons explained below, the court finds that Respondents violated Petitioner's statutory rights under the Immigration and Nationality Act ("INA") and constitutional rights under the Fifth Amendment Due Process Clause by detaining Petitioner without an arrest warrant or a notice of custody determination. Thus, the court will grant Petitioner's habeas petition and motion for a temporary restraining order and will order her immediate release.

/////

/////

/////

## BACKGROUND

Petitioner Ingrid Vanessa Zetino Jaco is a native of El Salvador. (Doc. No. 1 at ¶ 17.) Petitioner presented herself upon entry to the United States on October 31, 2023; she was issued a notice to appear and was released into the United States on her own recognizance. (*Id.* at ¶ 21; 7-1 at 2.) Petitioner has remained in the United States since that time, residing with her father, sister, two nephews, and two sons. (Doc. No. 1 at ¶ 21.)

On September 22, 2025, an immigration judge issued an order of removal against Petitioner. (*Id.* at ¶ 23; Doc. No. 7-3.) On October 8, 2025, Petitioner filed a timely appeal of that order of removal to the Board of Immigration Appeals. (*Id.*) That appeal remains pending. (*Id.*)

On February 13, 2026, Petitioner was detained by Immigration and Customs Enforcement ("ICE") officials during a routine check-in. (*Id.* at ¶ 24.) She has remained in ICE custody since that time and is currently detained in the California City Detention Facility. (*Id.* at ¶ 17.)

On February 19, 2026, Petitioner filed a habeas petition in the District of Maryland contesting her immigration detention. *Zetino Jaco v. Noem, et al.*, No. 1:26-cv-00694-MJM, Doc. No. 1 (D. Md. Feb. 19, 2026) ("*Zetino Jaco I*"). On March 2, 2026, the court in *Zetino Jaco I* granted Petitioner's habeas petition and ordered that Respondents provide Petitioner with a bond hearing within fourteen days. (*Id.*, Doc. No. 6.) On March 18, 2026, Petitioner was provided a bond hearing pursuant to that court's order; the immigration judge denied Petitioner's request for release on bond finding that Petitioner was a flight risk. (*Id.*, Doc. No. 8.)

On April 3, 2026, Petitioner filed a separate habeas petition in the Eastern District of California again contesting her immigration detention. *Zetino Jaco v. Warden*, No. 1:26-cv-02534, Doc. No. 1 (E.D. Cal. Apr. 3, 2026) (*"Zetino Jaco II*"). Petitioner was appointed counsel who voluntarily dismissed that action before judgment was entered. (*Id.*, Doc. Nos. 10, 17.)

On October 12, 2026, Petitioner, through counsel, filed the pending habeas petition arguing that she is unlawfully detained under 8 U.S.C. § 1231(a), and that her removal is not reasonably foreseeable. (Doc. No. 1 at 8–11.) Petitioner asserted three claims for release under the Fifth Amendment Due Process Clause. (*Id.* at 12–13.)

On October 13, 2026, Petitioner filed the pending motion for a temporary restraining order

seeking her immediate release. (Doc. No. 2.) On that same day, the court issued an order requiring Respondents to include in their response to Petitioner's petition and motion for a temporary restraining order "all documentation and evidence verifying [the] basis for [Petitioner's] detention and reflecting the steps the detaining agency took to comply with the procedural requirements of that detention authority." (Doc. No. 5.)

On October 14, 2026, Petitioner filed an omnibus opposition to Petitioner's motion for a temporary restraining order and answer to Petitioner's habeas petition. (Doc. No. 7.) Respondents argue that Petitioner's petition should be dismissed under the abuse of writ doctrine, or alternatively that Petitioner's pending appeal renders her detention authorized under 8 U.S.C. § 1226(a), not 8 U.S.C. § 1231(a), such that her release is not mandated under *Zadvydas v. Davis*, 533 U.S. 678 (2001). (*Id.* at 2–5.) Respondents attached to their opposition Petitioner's record of deportable alien (Doc. No. 7-1); the immigration judge's order denying Petitioner's request for release on bond (Doc. No. 7-2); Petitioner's removal order (Doc. No. 7-3); and the Executive Office of Immigration Appeal's automated case information page confirming that Petitioner's appeal of her removal order remains pending (Doc. No. 7-4).

On October 15, 2026, Petitioner filed her reply reasserting that she is detained under § 1231(a) and arguing that she is entitled to immediate release under *Zadvydas*. (Doc. No. 8.)

## LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). "[T]he 'in custody' provision . . . requires only that a petitioner be incarcerated—or, as here, in INS custody—at the time a habeas petition [was] filed." *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in

that context that its protections have been strongest." *I.N.S. v. St. Cyr.*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678 (2001).

## DISCUSSION

### A. Abuse of Writ Doctrine

Respondents argue that the pending petition is precluded by the abuse of writ doctrine due to the District of Maryland's grant of Petitioner's petition in *Zetino Jaco I* and Petitioner's voluntary dismissal of her habeas petition filed in this court in *Zetino Jaco II*. (Doc. No. 7 at 2–3.) Specifically, Respondents argue that the "circumstances surrounding Petitioner's current detention, and whether Petitioner's federal due process rights were violated, has already been litigated and resolved in her favor in [her] first-filed habeas action." (*Id.* at 3.) In her reply, Petitioner argues that the abuse of writ doctrine does not apply because her arguments in *Zetino Jaco I* were directed toward her detention under 8 U.S.C. § 1226(a), whereas now Petitioner challenges her detention under 8 U.S.C. § 1231(a).[1]

"The doctrine of abuse of the writ generally forbids the reconsideration of claims that were or could have been raised in a prior habeas petition." *Alaimalo v. United States*, 645 F.3d 1042, 1049 (9th Cir. 2011). The abuse of writ doctrine does not apply where the petitioner can show "(1) cause for bringing a successive petition and that prejudice would result or (2) that a fundamental miscarriage of justice would result from failure to entertain the claim." *Id.*

Here, Petitioner has cause for bringing a successive petition and prejudice would result from the could not considering Petitioner's renewed claim. Specifically, in the intervening time between the courts' orders in *Zetino Jaco I* and *II* and Petitioner's filing of the instant petition, the Ninth Circuit confirmed that noncitizens such as Petitioner who are detained in the interior of the United States are subject to discretionary detention under 8 U.S.C. § 1226(a), not mandatory

/////

/////

---

[1] As discussed below, the court finds that Petitioner remains detained under 8 U.S.C. § 1226(a) during the pendency of her appeal.

detention under 8 U.S.C. § 1225(b).[2] *See Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. July 30, 2026). Indeed, this shift in authority is evident in Respondents' responses to Petitioner's respective petitions in this court. (*Zetino Jaco II*, Doc. No. 7) ("Petitioner is [] subject to mandatory detention under 8 U.S.C. § 1225(b)(2)."); (Doc. No. 7 at 4) ("Petitioner's detention under § 1226(a) is discretionary and serves a legitimate purpose."). Thus, the change in law surrounding Petitioner's detention constitutes good cause for bringing a successive petition, and it would prejudice Petitioner not to account for that change in law through the pending petition. *See Campbell v. Blodgett*, 997 F.2d 512, 524 (9th Cir. 1992) (stating that "an intervening change in the law[] that warrants reexamination of the same ground for relief raised in an earlier petition" constitutes good cause to file a successive writ). Accordingly, the court finds that the abuse of writ doctrine does not preclude the court's consideration of the pending petition.

**B. Statutory Basis for Detention**

The parties dispute whether Petitioner is detained pursuant to 8 U.S.C. § 1231(a) or 8 U.S.C. § 1226(a). Specifically, Petitioner contends that she "is detained pursuant to 8 U.S.C. § 1231(a), which governs detention following a final order of removal" because her "removal order is dated September 22, 2025." (Doc. No. 1 at ¶¶ 35, 37.) Respondents argue Petitioner is detained pursuant to 8 U.S.C. § 1226(a) because "she has perfected appeal of her removal order and thus her immigration proceedings remain pending." (Doc. No. 7 at 2.) Indeed, the period of mandatory detention triggering § 1231(a) begins, as relevant here, on "the date the order of removal becomes administratively final." 8 U.S.C. § 1231(a)(1)(B)(i). An order of removal becomes "administratively final when either the [Board of Immigration Appeal] affirm[s] the [immigration judge's] order on appeal or, if no appeal to the [Board of Immigration Appeal] was filed, when the time to file an appeal expired." *Quizhpe Macas v. Warden, Cal. City Det. Ctr.*, No. 1:26-cv-03046-DJC-EFB, 2026 WL 1506814, at *3 (E.D. Cal. May 29, 2026); *Prieto-Romero v. Clark*, 534 F.3d 1053, 1058 (9th Cir. 2008) (stating that the petitioner "was subject to detention under § 1226(a) during [the removal] process while the [immigration judge] and [board of immigration

---

[2] The Fourth Circuit, in which Petitioner filed *Zetino Jaco I*, came to this same conclusion after *Zetino Jaco I* was decided. *See Lopez Garcia v. Guadian*, 190 F.4th 305 (4th Cir. 2026).

appeals] were considering the merits of his removal order"). Because both parties agree that Petitioner timely perfected her appeal of the immigration judge's removal order, Petitioner has been subject to discretionary detention pursuant to 8 U.S.C. § 1226(a) from her initial detention to the present. Thus, Respondents were responsible for satisfying all the procedural protections under that statute to lawfully effectuate Petitioner's detention. *Occeus v. Warden, Cal. City Det. Facility*, No. 1:26-cv-07057-TLN-SCR, 2026 WL 2858725, at *1 (E.D. Cal. Sept. 23, 2026) ("Petitioner was denied statutory and regulatory protections under § 1226(a) and 8 C.F.R. § 1236.1(d) for a period of months in this case, which constitutes a separate procedural due process violation.").

**C. Procedural Protections Under § 1226(a)**

Section 1226(a) establishes the "general rule" for the "arrest, detention, and release" of noncitizens already present in the United States "who are believed to be subject to removal." *Nielsen v. Preap*, 586 U.S. 392, 396 (2009). Section 1226(a) and its implementing regulations mandate that the government may only detain noncitizens believed to be subject to removal "under the authority of Form I-200, Warrant of Arrest" issued by designated supervisory officers. 8 C.F.R. § 236.1(b). Following detention, the government "may" continue to detain such noncitizens "pending a decision on whether [they are] to be removed from the United States." 8 U.S.C. § 1226(a). The government may additionally detain noncitizens without a warrant in certain exigent circumstances not alleged here. *See* 8 U.S.C. § 1357(a)(2). Regardless of whether the noncitizen's detention is with or without a warrant, Department of Homeland Security ("DHS") officers must conduct an initial custody determination upon the noncitizen's arrest to determine whether detention or release is appropriate under § 1226(a). 8 C.F.R. § 236.1(c)(8). The DHS officer making this initial custody determination memorializes the decision on Form I-286, notice of initial custody determination. 8 C.F.R. § 236.1(g). The notice of custody determination also includes "the formal mechanism—a box the detainee may check—to immediately request" that an immigration judge review the initial custody determination at a custody redetermination hearing. *Garcia-Maya v. Blanche*, No. 2:26-cv-01513-RFB-BNW, 2026 WL 1965886, at *8 (D. Nev. July 7, 2026). If the noncitizen checks this box, or otherwise

requests a custody redetermination hearing, the noncitizen is entitled to such a hearing in immigration court. *See* 8 C.F.R. §§ 1236.1(d)(1), 1003.19.

Here, Respondents do not allege that Petitioner was served with an arrest warrant and notice of custody determination nor attach those documents to their response. As this court has repeatedly found, the government's failure to satisfy either of these procedural protections renders a noncitizen's detention unlawful and mandates their immediate release. *See Ramirez-Trejo v. Andrews*, No. 1:26-cv-08372-DC-CSK, 2026 WL 3205146, at *3 (E.D. Cal. Oct. 26, 2026) (ordering noncitizen's immediate release where government failed to provide the noncitizen with a notice of custody determination); *Gutierrez Garcia v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02515-DC-SCR, 2026 WL 3228471, at *2 (E.D. Cal. Oct. 28, 2026) (same as to noncitizen who was arrested under § 1226(a) without a warrant). Further, as this court has previously found, where "the government fails to provide a noncitizen with the statutory protections of § 1226(a), that failure constitutes a breach of both his statutory and due process rights." *Ramirez-Trejo*, 2026 WL 3205146 at *2 (citing *Veliz-Pina v. Semaia*, No. 5:26-cv-04590, 2026 WL 3012453, at *8 (C.D. Cal. Oct. 6, 2026). Thus, for the reasons explained in *Ramirez-Trejo* and *Gutierrez Garcia*, the court finds that Respondents violated Petitioner's statutory and constitutional rights by detaining her without providing her the protections to which she's entitled under § 1226(a), and that those failures mandate Petitioner's immediate release.

**CONCLUSION**

For the reasons set forth above,

1. Petitioner's motion for a temporary restraining order (Doc. No. 2) and petition for writ of habeas corpus (Doc. No. 1) are GRANTED as follows;
   a. Respondents shall IMMEDIATELY RELEASE Petitioner Ingrid Vanessa Zetino Jaco (A-245-415-399) from their custody;
   b. Upon her release, Respondents shall not impose any additional restrictions on Petitioner, such as electronic monitoring, unless that is determined to be necessary at a future custody hearing;
   c. Respondents shall RETURN all of Petitioner's documents and possessions

upon her release from custody;

d. If the government seeks to re-detain Petitioner, they shall provide her with a prompt bond hearing at which Petitioner shall bear the burden of showing that he is not a flight risk or a risk to community safety;

2. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

3. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: **November 4, 2026**

Dena Coggins
United States District Judge